FILED'07 OCT 29 09:46USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| THOMAS G. RENTERIA, JR. | ) | Civil No. 07-3054-CL |
| | ) | |
| Plaintiff, | ) | **OPINION AND ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| ESTATE OF SANDRA ANN FALK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PANNER, Judge.**

Plaintiff Thomas Renteria, Jr. brought this action, pro se, against defendants Estate of Sandra Ann Falk, Scott D. MacArthur, John Alarcon, Darlene Alarcon, Amerititle, Sandra Soho, and Does I through X. The claims alleged in the Complaint include breach of contract, breach of fiduciary duty, and tortious interference with contract. Defendant Soho then filed a cross-claim, pro se, against defendant MacArthur.

On September 25, 2007, Magistrate Judge Clarke filed his Report and Recommendation, which recommended dismissing the entire action for lack of subject matter jurisdiction. The matter is now before me for de novo review pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

1 - OPINION AND ORDER

Magistrate Judge Clarke correctly concluded that this court lacks subject matter jurisdiction. All claims alleged in Plaintiff's Complaint arise under state rather than federal law. Consequently, 28 U.S.C. § 1331 does not confer jurisdiction over this action. Jurisdiction is not proper under 28 U.S.C. § 1332 either, since the Complaint alleges that Plaintiff and the Alarcon defendants are domiciled in California.

The Complaint further alleges that jurisdiction is proper because "The contract on which this legal action is based has a clause that any legal action regarding the contract would be resolved in the Federal Court located in Medford, Oregon."

In some circumstances, a contract may properly specify the place where an action can be commenced, or specify that disputes will be resolved by arbitration rather than in a court. However, parties to a contract (or to litigation) may not, by agreement among themselves, confer jurisdiction on a federal court if such jurisdiction does not otherwise exist. See Holman v. Laulo-Rowe Agency, 994 F.2d 666, 668 n.1 (9th Cir. 1993).

The final matter is the cross-claim by defendant Soho against defendant MacArthur. Both are domiciled in Oregon. The cross-claims for indemnification and for breach of fiduciary duty sound in state law. In some circumstances, 28 U.S.C. § 1367 permits a federal court to exercise supplemental jurisdiction over a cross-claim between non-diverse defendants, providing such claim is ancillary to a matter over which the court already has jurisdiction. See Glens Falls Indemnity Co. v. United States ex rel. Westinghouse Electric Supply Co., 229 F.2d 370, 373-74 (9th

Cir. 1955). That exception does not apply here. The Magistrate Judge correctly concluded that because this court lacks jurisdiction over the underlying Complaint, the court may not exercise supplemental jurisdiction over Soho's cross-claim. The Magistrate Judge properly declined to decide the other issues raised in the motions to dismiss.

## Conclusion

Magistrate Judge Clarke's Report and Recommendation (docket # 15) is adopted. The Complaint (# 1) by Plaintiff Renteria, and the "Cross-Complaint" (# 8) by Soho, are dismissed without prejudice, for lack of subject matter jurisdiction. All pending motions are denied as moot.

IT IS SO ORDERED.

DATED this 29th day of October, 2007.

Owen M. Panner
United States District Judge